IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| J & J SPORTS PRODUCTIONS, INC., | |
|---|---|
| Plaintiff, | 8:18-CV-186 |
| vs. | ORDER |
| CONCEPCION GARRIDO and TAQUERIA EL REY, INC., | |
| Defendants. | |

This matter is before the Court on the defendants' motion to set aside the entry of default (filing 18). The plaintiff opposes the motion (filing 19), but the defendants' motion will be granted.

The procedural history of this case is not complex. The plaintiff filed its complaint (filing 1) on April 27, 2018. Service of process was (purportedly) effectuated on June 6, 2018. Filing 10; filing 11; filing 12. The defendants' answer or answers were due on June 27, *see* Fed. R. Civ. P. 12(a)(1), but no answer was filed. On August 13, the plaintiff moved for entry of default, and the clerk's entry of default was entered the next day. Filing 14; filing 15. Notice of the clerk's entry of default was mailed to the defendants August 14, and on September 14 the present motion to set aside the entry of default was filed. Filing 18.

Fed. R. Civ. P. 55(c) provides that the Court "may set aside an entry of default for good cause. . . ." When examining whether good cause exists, the Court weighs whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused. *Stephenson v.*

*El-Batrawi,* 524 F.3d 907, 912 (8th Cir. 2008). And although the same factors are typically relevant in deciding whether to set aside entries of default and default judgments, relief from a default judgment requires a stronger showing of excuse than relief from a mere default order. *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir. 1998).

Here, the defendants' explanation for default is that they weren't properly served, and didn't actually receive notice of the suit until after the default was entered. Filing 18 at 1. The plaintiff insists that service was proper. *See* filing 19 at 3-4. But regardless of whether service was technically sufficient, the defendants' representations—and the plaintiff does not substantively dispute them—belie any "contumacious or intentional delay or disregard for deadlines and procedural rules." *See Johnson,* 140 F.3d at 784. This is, instead, the sort of "marginal failure" to meet pleading or other deadlines for which relief is appropriate: the evidence shows a "good faith, relatively brief default in the filing of an initial pleading, caused by poor communication" between the defendants and their employees. *See id.*

The plaintiff offers a dog's breakfast of arguments to the contrary. First, the plaintiff asserts that the defendants filed a two-page motion instead of filing a separate motion and supporting brief. Filing 19 at 2; *see* NECivR 7.1(a)(1)(A). But this is exactly the sort of motion that "raises no substantial issue of law" and for which "relief is within the court's discretion"—meaning no brief was required. *See* NECivR 7.1(a)(1)(B). It doesn't serve anyone's interests, particularly the Court's, to demand that parties say more than necessary.

The plaintiff also complains about the defendants' failure to cite legal authority. Filing 19 at 2-3; *see* filing 18. But the defendants' argument is factual, not legal—and the Court is capable of finding Rule 55(c) all by itself.

2

It is, in fact, the plaintiff's showing that is arguably deficient—the Court is to consider whether the plaintiff was prejudiced, *see Stephenson,* 524 F.3d at 912, and in this case there is no basis for concluding that the plaintiff has been prejudiced in a "concrete way," *see id.* at 915, given that "prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits." *Johnson,* 140 F.3d at 785.

Finally, the plaintiff claims that the defendants' proposed answer (filing 18 at 11) doesn't present a meritorious defense. Filing 19 at 4-5.[1] But the plaintiff is suing the defendants for, allegedly, unlawfully displaying the broadcast of a boxing match. *See* filing 1. The defendants deny showing the fight. Filing 18 at 11. That would, if supported by the evidence, be as about as meritorious as defenses get. Default judgments are not favored by the law, and the entry of default judgment should be a rare judicial act. *See Comiskey v. JFTJ Corp.,* 989 F.2d 1007, 1009 (8th Cir. 1993); *U.S. on Behalf of & for Use of Time Equip. Rental & Sales, Inc. v. Harre,* 983 F.2d 128, 130 (8th Cir. 1993). The circumstances here do not warrant default judgment, so the defendants' default will be set aside.

IT IS ORDERED:

1. The defendants' motion to set aside entry of default (filing 18) is granted.

---

[1] The plaintiff suggests that "[s]hould the [defendants' proposed] answer be filed, it would be subject to a Motion to Strike under Federal Rule of Civil Procedure 12(f)." Filing 19 at 5. The plaintiff is not encouraged to file such a motion. *See Whitten v. City of Omaha,* 199 F. Supp. 3d 1224, 1235 (D. Neb. 2016); *Infogroup, Inc. v. DatabaseLLC,* 95 F. Supp. 3d 1170, 1194 (D. Neb. 2015) (motions to strike are often considered "time wasters").

3

2. The Clerk's Entry of Default (filing 15) is set aside.

Dated this 1st day of November, 2018.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
Chief United States District Judge